# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALCY JOSEPH, JR. | CIVIL ACTION |
| VERSUS | NO. 17-124-JWD-EWD |
| PEOPLE READY, ET AL. | |

## ORDER

Before the Court is a Motion to Supplement the Records[1] and a Motion for Clarification's/Ordered,[2] both filed by plaintiff Alcy Joseph, Jr. On April 6, 2017, the undersigned conducted a *Spears* hearing in this matter.[3] As a result of the *Spears* hearing, Plaintiff was ordered to file into the record in this matter the following documentation: (1) Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") related to the claims raised in his Complaint;[4] and (2) the contract that forms the basis of his breach of contract claim against the Defendants.[5] The documentation was requested to permit the undersigned to evaluate whether the Plaintiff's action states a claim on which relief may be granted or whether the action should be dismissed pursuant to 28 U.S.C. § 1915(e). Plaintiff was given 30 days in which to supplement the record with the foregoing documentation.

On April 24, 2017, Plaintiff filed a Motion to Supplement the Records,[6] seeking to file the following documents into the record in this case: (1) results of a Google search of the phrase "federal minimum wage for contractors;"[7] and (2) a December 13, 2016 letter from the EEOC to

---

[1] R. Doc. 10.
[2] R. Doc. 12.
[3] R. Doc. 9.
[4] R. Doc. 1.
[5] R. Doc. 9 at 4.
[6] R. Doc. 10.
[7] R. Doc. 10-1 at 1.

Plaintiff acknowledging receipt of his charge of employment discrimination.[8] Because Plaintiff failed to comply with the Court's April 6, 2017 Order,[9] the Court issued a second Order on April 27, 2017 giving Plaintiff additional time to file the requested documentation into the record.[10]

In response to the Court's April 27, 2017 Order, Plaintiff filed a Motion for Clarification's/Ordered on May 8, 2017.[11] In the Motion, Plaintiff seeks to supplement the record with the documentation previously requested from the Court, but failed to attach any such documentation.[12] Plaintiff also appears to be seeking an order from this Court requiring defendant People Ready to provide him with a copy of the contract that forms the basis of his breach of contract claim in this matter.[13] As such, Plaintiff has failed to comply with the Court's April 27, 2017 Order.[14]

In the original Complaint, Plaintiff appears to allege claims under Title VII of the Civil Rights Act ("Title VII"), the Americans with Disabilities Act ("ADA"), the Genetic Information Non-Discrimination Act ("GINA"), or the Age Discrimination in Employment Act ("ADEA").[15] Although *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, employment discrimination plaintiffs must exhaust their administrative remedies before pursuing claims in federal court. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002 (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). The Fifth Circuit has explained that, "Exhaustion occurs when an individual files a timely complaint with the EEOC and receives a statutory notice of right to sue." *Taylor*, 296 F.3d at 379 (citing *Dao v. Auchan*

---

[8] R. Doc. 10-1 at 2-3.
[9] R. Doc. 9.
[10] R. Doc. 11.
[11] R. Doc. 12.
[12] R. Doc. 12 at 1.
[13] R. Doc. 12 at 2-3. Although the Court granted Plaintiff's request to proceed *in forma pauperis*, defendant People Ready has not yet been served with a copy of the Complaint. (R. Docs. 2, 3, 4).
[14] R. Doc. 11.
[15] R. Doc. 1 at 3.

2

*Hypermarket*, 96 F.3d 787, 788-899 (5th Cir. 1996)). Further, "Title VII provides that claimants have ninety days to file a civil action after *receipt* of such a notice from the EEOC." *Taylor*, 296 F.3d at 379 (citing *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982)) (emphasis in original).

During the *Spears* hearing on April 6, 2017, Plaintiff stated that he has received a Notice of Right to Sue from the EEOC, but that it has not been made a part of the record, nor are there any allegations in the Complaint regarding when that Notice was received.[16] Based on the foregoing case law, the Court has requested that Plaintiff file into the record in this matter a copy of the Notice of Right to Sue that he received from the EEOC related to his claims in this matter.[17]

The Court has also requested that Plaintiff file into the record in this matter the contract that forms the basis of Plaintiff's state law breach of contract claim against the Defendants.[18] Federal Rule of Civil Procedure 11(b) provides the following:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

---

[16] R. Doc. 9 at 3.
[17] R. Doc. 9 at 4.
[18] R. Doc. 9 at 4.

Fed. R. Civ. P. 11(b). Thus, by alleging a breach of contract claim in the Complaint, Plaintiff has represented to the Court that there is evidentiary support for his claim in the form of a written or oral contract of employment. If Plaintiff is asserting that this Court has supplemental jurisdiction over his state law breach of contract claim, Plaintiff must provide the Court with a copy of the written employment contract or specify that the contract was oral. If Plaintiff had an oral employment contract, Plaintiff must specify the terms of the contract.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Supplement the Records[19] and Motion for Clarification's/Ordered[20] are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff shall have an additional seven (7) days from the date of this Order to file the following documentation into the record in this matter: (1) Notice of Right to Sue from the Equal Employment Opportunity Commission related to the claims raised in the Complaint;[21] and (2) the contract that forms the basis of Plaintiffs breach of contract claim against the Defendants. If Plaintiff's employment contract that forms the basis for his breach of contract claims in this matter is an oral contract, Plaintiff shall specify that fact, as well as the terms of the oral contract, when supplementing the record.

Plaintiff is hereby **NOTIFIED** that failure to comply with this Order may result in a recommendation that Plaintiff's Complaint be dismissed.

Signed in Baton Rouge, Louisiana, on May 18, 2017.

*[signature]*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[19] R. Doc. 10.
[20] R. Doc. 12.
[21] R. Doc. 1.