# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALCY JOSEPH, JR. | |
| VERSUS | CIVIL ACTION |
| | NO. 17-124-JWD-EWD |
| PEOPLE READY, ET AL. | |

### RULING AND ORDER

This matter comes before the Court on *Motion to Amend and Modify Ruler/Order* (Doc. 41) and *Motion for Reconsideration of Judgment* (Doc. 44) filed by *pro se* Plaintiff Alcy Joseph, Jr. ("Plaintiff"). People Ready Inc., Denise Anders, Charlotte Maple, and Elizabeth Davis (collectively "Defendants") opposed Plaintiff's Motion to Amend in *Defendant's Opposition to Motion to Amend and Modify Ruler/Order.* (Doc. 43.) Plaintiff filed the *Motion for Reconsideration* apparently as a reply. (Doc. 44.) Oral argument is not necessary. The Court has carefully considered the law, the allegations of the complaint, and the arguments and submissions of the parties and is prepared to rule.

I.  **Relevant Factual Background**

Plaintiff filed the instant suit on March 3, 2017 alleging a variety of claims against Defendants including claims of breach of contract, Title VII of the Civil Rights Act ("Title VII"), the Americans with Disabilities Act ("ADA"), the Genetic Information Non-Discrimination Act ("GINA"), and/or the Age Discrimination in Employment Act ("ADEA"). (Doc. 1 at 3.) A Spears Hearing was conducted on April 6, 2017 by Magistrate Judge Wilder-Doomes to determine if any of the Plaintiff's claims had merit. (Doc. 9.) Following the hearing, Magistrate Wilder-Doomes ordered Plaintiff to provide supplemental documentation of the (1) Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") related to his claims and (2) the

1

contract that forms the basis of his breach of contract claims against defendants within 30-days from the Spears Hearing. (Doc. 9 at 4.) Plaintiff provided the Notice of Right to Sue from the EEOC on May 26, 2017. (Doc. 14-2.) Plaintiff filed a Motion for Summary Judgment on August 15, 2017, to which Defendants filed an opposition on October 12, 2017. (Doc. 19; Doc. 25-1.) This Court denied Plaintiff's Motion for Summary Judgment. (Doc. 26.)

Defendants then filed a Motion to Dismiss for Failure to State a Claim. (Doc. 27.) On March 26, 2018, the Court granted Defendants' motion but gave Plaintiff leave to amend to cure the deficiencies. The Court also warned Plaintiff of potential sanctions for any future frivolous pleadings. (Doc. 36.) Upon dismissal by this Court, Plaintiff filed a motion to Amend and Modify the Ruling which was further denied by this Court. (Doc. 37.) On April 26, 2018, following the expiration of the 30-day deadline provided by the original dismissal to amend the complaint to cure the stated deficiencies, the Court dismissed all claims against Defendants with prejudice. (Doc. 40).

The instant ruling is to address two motions filed by Plaintiff following the April 26, 2018 dismissal by this Court. First, Plaintiff filed a Motion to Amend on April 30, 2018 (Doc. 41), which Defendants opposed (Doc. 43.) Plaintiff then filed a Motion for Reconsideration on July 5, 2018. (Doc. 44.) As will be detailed below, both of Plaintiffs motions lack factual and evidentiary support, and seemingly reiterate the initial complaint. Therefore, for the foregoing reasons, Plaintiffs Motion to Amend Complaint and Motion to Reconsider are denied.

II.     Discussion

    A. Motion to Amend

Federal Rules of Civil Procedure 15(a) "requires the trial court to grant leave to amend freely"; further "the language of this rule evinces a bias in favor of granting leave to amend." *Jones*

*v. Robinson Prop. Grp., LP,* 427 F.3d 987, 994 (5th Cir. 2005) (internal citations omitted). However, "leave to amend is in no way automatic, but the district court must possess a 'substantial reason' to deny a party's request for leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citing *Jones*, 427 F.3d at 994). The Fifth Circuit further described the district courts' discretion on a motion to amend as follows:

> The district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., and futility of the amendment." *Jones*, 427 F.3d at 994. (citation omitted). "In light of the presumption in favor of allowing pleading amendments, courts of appeals routinely hold that a district court's failure to provide an adequate explanation to support its denial of leave to amend justifies reversal." *Mayeaux v. La. Health Serv. & Indent. Co.*, 376 F.3d 420, 426 (5th Cir. 2004) (citation omitted). However, when the justification for the denial is "readily apparent," a failure to explain "is unfortunate but not fatal to affirmance if the record reflects ample and obvious grounds for denying leave to amend." (citation and internal quotation marks omitted).

*Id.*, 751 F.3d at 378.

In addition, the Fifth Circuit has made clear that "denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Id.* (citing *Boggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)). An amendment would be deemed futile "if it would fail to survive a Rule 12(b)(6) motion." *Id.*

Plaintiff's Motion to Amend is brief and primarily serves as a reiteration of the initial complaint. (Doc. 41.) Plaintiff re-alleges a breach of contract claim for failure to timely pay him in accordance with "Company Policy," but he has failed to provide this Court with such Company Policy (or any details related to it) even after repeated chances to amend and supplement. (Doc. 41 at 2.) Further Plaintiff re-alleges age and disability discrimination, but again has failed to provide

3

this Court with pertinent facts such as his age or disability for which he was allegedly discriminated. (Doc. 41.)

Plaintiff has been given multiple times to supplement and amend his complaint to state a viable claim but has failed to do so. First, Magistrate Judge Wilder-Doomes permitted supplementation of the complaint following the Spears Hearing in April 2017. (Doc. 9.) Second, the Court provided Plaintiff with another thirty days to amend his complaint, following the dismissal of the claims on March 26, 2018. (Doc. 36.) The Fifth Circuit's guidance makes clear that leave to amend must not be granted if "amendment would be futile," or, to put another way, if an amendment would not survive a 12(b)(6) Motion to Dismiss. *Marucci Sports, L.L.C.*, 751 F.3d at 378 (citing *Boggs*, 331 F.3d at 508). It is clear after multiple opportunities for amendment, Plaintiff is unable to state a viable claim against Defendants, and therefore, leave to amend must be denied.

### B. Motion to Reconsider

When a motion for reconsideration " 'calls into question the correctness' of the judgment," the Court considers it under Fed. R. Civ. P. 59(e). *Allen v. Envirogreen Landscape Prof'ls, Inc.*, 721 F. App'x 322, 328 (5th Cir. 2017) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)). "Rule 59(e) motions serve 'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.' " *Id.* (quoting *Templet*, 367 F.3d at 477). " 'Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.' " *Id.* (quoting *Templet*, 367 F.3d at 479). "Accordingly, a motion for reconsideration 'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.' " *Id.* (quoting *Templet*, 367 F.3d at 479).

Similar to his Motion to Amend, Plaintiff's Motion to Reconsider is bare and lacking any new factual or evidentiary support, but rather serves as a reiteration of previous pleadings and motions. (Doc. 44.) Most notably lacking from the motion to reconsider, Plaintiff has failed to show how this Court's dismissal of his claims satisfy any of the situations in which reconsiderations are typically granted. Further, the motion for reconsideration is " 'an extraordinary remedy that should be used sparingly,' " and Plaintiff has failed to allege any plausible, much less extraordinary reason to grant this rarely granted motion. *Allen*, 712 F. App'x at 328 (quoting *Templet*, 367 F.3d at 479). Therefore, because the motion lacks any new factual information and fails to identify any reason why reconsideration is warranted, Plaintiff's motion for reconsideration is denied.

### III. Conclusion

**IT IS ORDERED** that Plaintiff Alcy Joseph, Jr.'s *Motion to Amend and Modify Ruler/Order* (Doc. 41) and *Motion for Reconsideration of Judgment* (Doc. 44) are **DENIED**. Because Plaintiff has already been given multiple opportunities to supplement and amend his complaint and has still failed to state a viable claim, all claims against Defendants remain dismissed with prejudice.

**IT IS FURTHER ORDERED** that future frivolous pleadings by Plaintiff will result in the imposition of sanctions against him.

Signed in Baton Rouge, Louisiana, on <u>November 7, 2018</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**